UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JODY MCGUIRE, et al.,                               CASE NO.: 1:12-cv-986

    Plaintiffs,                                      Judge Michael R. Barrett

v.

OFFICER KEVIN LEWIS, et al.,

    Defendants.

**OPINION AND ORDER**

This matter is before the Court on the Motion for Partial Judgment on the Pleadings, or in the Alternative, Motion for Partial Dismissal of Claims Against Defendant Officer Kevin Lewis. (Docs. 10, 11).[1] Plaintiffs Jody McGuire and Regina McGuire have filed a memorandum in opposition (Doc. 12), and Defendant Officer Kevin Lewis has filed a reply (Doc. 15). This matter is now ripe for review.

**I.  FACTUAL ALLEGATIONS**

The factual allegations set forth in the Complaint and construed in favor of Plaintiffs Jody McGuire and Regina McGuire are as follows:

On or about December 29, 2011, Jody McGuire and Regina McGuire, residents of Portsmouth, Ohio, were travelling home from a basketball game with their niece who lived in the Village of New Boston, Ohio. (Doc. 1, ¶¶ 6-7, 14(A)). Prior to reaching their niece's home, an unknown vehicle began tailgating their vehicle. (Id., ¶ 14(A)). As they arrived at their niece's home, Regina McGuire pulled to the curb to let her niece out of the vehicle. (Id., ¶ 14(B)). The unknown vehicle continued to inch towards the McGuires' vehicle. (Id., ¶ 14(C)). The driver,

---

[1] Defendant Kevin Lewis filed the first motion of June 28, 2013 (Doc. 10) and the second motion on July 1, 2013 (Doc. 11). Substantively, the motions appear to be the same and to seek the same relief. As such, they will be considered jointly.

1

now known to be Officer Lewis of the Village of New Boston, Ohio police department, jumped out of his car and began shouting abusive language at the McGuires. (Id., ¶¶ 8, 14(C)). He demanded that Regina McGuire move her truck and claimed that the location where she stopped was his personal parking place. (Id.) However, nothing at the location confirmed his statement or indicated any type of reserved parking. (Id.)

After Jody McGuire exited the vehicle to inform Officer Lewis that he still was able to park in the location and that they were not blocking the driveway, Officer Lewis made a call on his cellular phone. (Id., ¶ 14(D)-(E)). He informed the McGuires that police were on the way. (Id., ¶ 14(E)). Officer Lewis never identified himself as a police officer, was dressed in plain clothes, was driving his personal vehicle, and was not known to the McGuires to be a police officer. (Id., ¶ 14(N)).

When Jody McGuire began to get back into his vehicle, Officer Lewis pushed him in the chest with both hands, causing him to fall backwards and strike the open door of the vehicle. (Id., ¶ 14(F)). Officer Lewis then attempted to strike Jody McGuire but missed. (Id., ¶ 14(G)). However, he continued to pursue Jody McGuire, which resulted in Jody McGuire dislocating his shoulder. (Id., ¶ 14(G)). A fight ensued. (Id., ¶ 14(H)).

During the fight, Regina McGuire exited the vehicle and shouted at Officer Lewis not to hit her husband. (Id., ¶14(I)). Officer Lewis responded by pushing Regina McGuire to the ground, causing injuries. (Id.) The McGuires' nephew heard the fight and tried to break it up, to no avail. (Id., ¶ 14(J)).

When Defendant Officer Sam Craft arrived on the scene, he conducted no investigation or appraisal of the situation, and informed Jody McGuire that he was going to jail. (Id., ¶14(K)). Officer Craft then handcuffed and arrested Jody McGuire, had him incarcerated, and "caused

2

him to be charged with assault upon a police officer, a felony of the fourth degree[.]" (Id., ¶ 14(L)). "Defendants each caused . . . Jody McGuire to be detained in jail without medical care or treatment until he was released[.]" (Id., ¶ 14M)). When Jody McGuire attempted to inform Officer Craft that he had been unaware Officer Lewis was a police officer, Officer Craft responded that it did not matter because Officer Lewis was an officer 24/7. (Id., ¶ 14(O)). However, the felony charges against Jody McGuire were dismissed on January 5, 2012. (Id., ¶ 14(Q)).

According to the McGuires, the Village of New Boston "has no established procedure for investigating incidents involving off-duty officers or for charging or exonerating citizens involved with off-duty officers, or for protecting the rights of non-citizens of the Village of New Boston and the same is at the whim of officers of the Village." (Id., ¶ 14(R)). They claim no action was taken by the Village of New Boston concerning the incident even though complaints had been made to the Village Council, its officers or agents on the McGuires' behalf. (Id., ¶ 14(U)).

## II.   LEGAL STANDARD

Motions to dismiss brought under Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 12(c) are analyzed using the same standard. *Tucker v. Middleburg-Legacy Place, LLC*, 539 F.3d 545, 549 (6th Cir. 2008) (citing *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008)). For purposes of those motions, this Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). "[T]o survive a motion to dismiss[,] a complaint must contain (1) 'enough facts to state a claim to relief that is

3

plausible,' (2) more than 'a formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'" *Tackett v. M&G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965, 1974, 167 L. Ed. 2d 929 (2007)). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 663, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556).

### III. ANALYSIS

Officer Lewis seeks dismissal of four of the nine claims alleged in the Complaint. Specifically, he seeks dismissal of Claims One, Three, Five and Seven.[2]

#### A. Claim One

Officer Lewis moves to dismiss Claim One based upon a lack of allegations plausibly showing violations of the Equal Protection Clause. (Doc. 11, pp. 6-7).

The McGuires respond that they are alleging denial of their rights under 42 U.S.C. § 1983. (Doc. 12, pp. 10-11). They contend they have sufficiently alleged a Section 1983 claim based on equal protection violations against Officer Lewis for failing to perform his duty to apply the law equally to lay persons and to police officers, and that the Court must decide whether Officer Lewis had a rational basis for demanding a parking spot, assaulting McGuire, and/or causing the false arrest. (Doc. 12, pp. 10-11). The McGuires also suggest that a Section 1983 claim could be based on a Fourth Amendment violation. (Doc. 12, p. 10).

---

[2] He does not move at this time for dismissal of any of the claims based upon qualified immunity. (See Docs. 10, 11, 15).

Officer Lewis replies that the Fourth Amendment claim is asserted in Claim Four of the Complaint, but not in Claim One. (Doc. 15, p. 3). He further argues that the McGuires have failed to identify a particular class and that a class of "lay persons" is not a protected class upon which an equal protection claim may be based. (Doc. 15, p. 4). Moreover, he contends that the McGuires have not identified any individuals outside their alleged "lay persons" class who are similarly situated but treated differently. (Doc. 15, p. 5).

To state a viable Section 1983 claim, a plaintiff must allege that 1) he was deprived of a right, privilege or immunity secured by the federal Constitution or laws of the United States, and 2) the deprivation was caused by a person while acting under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005). The plaintiff must specifically invoke the substantive constitutional rights the defendants allegedly violated. *See Spadafore v. Gardner*, 330 F.3d 849, 853 (6th Cir. 2003)

At this time, the dispute concerns only the first factor. The McGuires have specifically invoked only the Equal Protection Clause in Count One as a constitutional right allegedly violated. The Fourth Amendment was not specifically invoked in Count One as a basis for relief; rather, the Fourth Amendment right was invoked in Count Four of the Complaint. As such, the Court concerns itself here with only the issue of whether the McGuires have stated a plausible claim in Count One under Section 1983 based upon deprivation of their right to equal protection.[3]

---

[3] The McGuires' Complaint is not a model of clarity. Given that the Complaint must give the Defendants fair notice about the grounds upon which the claims rest, the Court cannot find that Count One fairly puts Officer Lewis on notice that the McGuires intended to invoke the Fourth Amendment therein. Count Four, however, does invoke the Fourth Amendment, although it does not expressly mention Section 1983. Nevertheless, the Court finds that any Section 1983 claim that the McGuires intend to assert based upon the Fourth Amendment would be more appropriately considered in relation to Claim Four, which Officer Lewis has not sought to dismiss at this time.

Under the Equal Protection Clause, the "states cannot make distinctions [that] . . . burden a fundamental right, target a suspect class, or intentionally treat one differently from others similarly situated without any rational basis for the difference." *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 312 (6th Cir. 2005). The Sixth Circuit has recognized that when a plaintiff "alleges a violation of the third type, [he] is said to proceed on a 'class of one' theory." *Taylor Acquisitions, L.L.C. v. City of Taylor*, 313 F. App'x 826, 836 (6th Cir. 2009) (quoting *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby,* 470 F.3d 286, 298 (6th Cir. 2006)). "Class of one" claims generally are viewed skeptically. *Loesel v. City of Frankenmuth*, 692 F.3d 452, 461 (6th Cir. 2012).

The McGuires' equal protection claim is based on Officer Lewis' allegedly different treatment of them because they are lay persons rather than police officers or because they are non-citizens, rather than citizens, of the Village of New Boston, Ohio.[4] In other words, they bring a class-based disparate treatment claim. Fatal to that claim is that neither "lay persons" nor "non-citizens of New Boston" constitute a suspect class subject to heightened protection under the Equal Protection Clause.[5] Also fatal to that class-based claim is that the McGuires have not alleged any facts that make it plausible that they were discriminated against *because* of their membership in either class. *See Doe v. DePalma*, 163 F. Supp. 2d 870, 872 (S.D. Ohio 2000).

---

[4] Although the McGuires do not specifically argue the class of non-citizens of the Village of New Boston, a construction of the Complaint in favor of the McGuires suggests that they have alleged disparate treatment based upon such a class. (Doc. 1, p. 5).

[5] Although neither party provides caselaw indicating that lay persons or citizens of a different Ohio community cannot be a suspect class, the Sixth Circuit has rejected "suspect class" status for groups such as prisoners and disabled persons. *See Jackson v. Jamrog*, 411 F.3d 615, 619 (6th Cir. 2005); *see also Brown v. Blackwell*, No. 11-3133, 2011 U.S. App. LEXIS 26166, at *4-5 (6th Cir. 2011); *S.S. v. E. Ky. Univ.*, 532 F.3d 445, 457 (6th Cir. 2008) (citing *Tennessee v. Lane*, 541 U.S 509, 522, 124 S. Ct. 1978, 158 L. Ed. 2d 820 (2004)). Logically, if prisoners and disabled persons do not constitute suspect classes, then suspect class status would not extend to a lay person or a citizen of a different Ohio community.

The McGuires do not appear to proceed based upon a theory of disparate treatment of a "class of one." Yet, even if they intended to argue such a theory, the Complaint contains no facts showing that Officer Lewis singled out the McGuires for treatment that was different than other similarly situated individuals. *See Rapp v. Dutcher*, No. 13-1286, 2014 U.S. App. LEXIS 3042, at *14-15 (6th Cir. Feb. 18, 2014). There is not a single allegation in the Complaint as to others in a similar situation being treated differently by Officer Lewis. Instead, the McGuires appear to claim that all lay persons or all non-citizens of the Village of New Boston are subject to the same disparate treatment, which defeats a claim that Officer Lewis treated the McGuires disparately compared to other similarly situated individuals. *Brown v. Blackwell*, No. 11-3133, 2011 U.S. App. LEXIS 26116, at *4 (6th Cir. Sept. 28, 2011) (claim that plaintiff was treated disparately compared to other similarly situated inmates was defeated by admission that he and other similarly situated inmates are subject to the same disparate treatment). Without more, the equal protection claim on this basis is not plausible. *See Rapp*, 2014 U.S. App. LEXIS 3042, at *14-15 (dismissed Section 1983 claim based on class-of-one theory where complaint contained no facts showing the city treated plaintiffs differently than other individuals who violated the ordinances at issue).

Accordingly, Claim One against Officer Lewis is dismissed.

**B. Claim Three**

In Claim Three, the McGuires assert a claim for conspiracy in violation of 42 U.S.C. § 1985. (Doc. 1, p. 11).[6] Officer Lewis moves to dismiss the claim because it is barred by the "intracorporate conspiracy doctrine" and because the McGuires failed to allege facts to satisfy each of the elements of a conspiracy claim under 42 U.S.C. § 1985(3). (Doc. 11, pp. 8-9).

---

[6] The McGuires have not identified any basis other than Section 1985(3) upon which their conspiracy claim may rest.

7

The McGuires respond that the intracorporate conspiracy doctrine does not apply because Officer Lewis was off-duty was the time, and because Officer Craft and Officer Lewis both are sued in their individual and official capacities.  (Doc. 12, p. 12).   They further contend that the "meeting of the minds" required for a conspiracy may be inferred from Officer Lewis' call to the police department to which Officer Craft responded and arrested Jody McGuire.  (Doc. 12, p. 12).

Officer Lewis replies that the McGuires relied on no caselaw to support an argument that the intracorporate conspiracy doctrine does not apply when an officer is off-duty at the time of the alleged incident and when officers also are sued in their individual capacities.  (Doc. 15, p. 6).  Officer Lewis further contends that the McGuires have not sufficiently alleged a meeting of the minds or a purpose to deprive the McGuires or any class of people of any rights.  (Doc. 15, pp. 6-7).  He also argues that the McGuires have pled no facts to show a racial or discriminatory animus.  (Doc. 15, pp. 6-7).

To prove a conspiracy in violation of 42 U.S.C. § 1985(3), a plaintiff must prove:

> (1) a conspiracy involving two or more persons; (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws; (3) and an act in furtherance of the conspiracy (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States.

*Smith v. Thornburg*, 136 F.3d 1070, 1078 (6th Cir. 1998) (quoting *Johnson v. Hills & Dales Gen. Hosp.*, 40 F.3d 837, 839 (6th Cir. 1994), *cert. denied*, 514 U.S. 1066, 115 S. Ct. 1698, 131 L. Ed. 2d 560 (1995)).  The plaintiff also must show that the conspiracy was motivated by a racial, or other class-based, invidiously discriminatory animus.  *Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971); *Peters v. Fair*, 427 F.3d 1035, 1038 (6th Cir. 2005).  Further, "'conspiracy claims must be pled with some degree of specificity and . . . vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim.'"  *Pahssen v. Merrill*

8

*Cmty. Sch. Dist.*, 668 F.3d 356, 368 (6th Cir. 2012) (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987)).

Contrary to Officer Lewis' arguments, the McGuires have set forth sufficient allegations to satisfy the first element of a Section 1985(3) claim that requires a plaintiff to allege a conspiracy between two or more persons. In this case, Defendants are part of the same entity, the Village of New Boston. Generally, an entity cannot conspire with its own agents or employees. *Jackson v. City of Columbus*, 194 F.3d 737, 753 (6th Cir. 1999). This rule, known as the "intracorporate conspiracy doctrine," exists because when "all of the defendants are members of the same collective entity, there are not two separate 'people' to form a conspiracy." *Amadasu v. Christ Hosp.*, 514 F.3d 504, 507 (6th Cir. 1996). This doctrine has been applied to governmental bodies. *Hull v. Cuyahoga Valley Joint Vocational Sch. Dist. Bd. of Educ.,* 926 F.2d 505, 509-10 (6th Cir. 1991); *Cox v. Crowe*, No. 09-5-JBC, 2009 U.S. Dist. LEXIS 50922, at *6-7 (E.D. Ky. June 3, 2009); *Brace v. Ohio State Univ.*, 866 F. Supp. 1069, 1075 (S.D. Ohio 1994). However, an exception to that general rule, which is plausibly applicable here, is for agents or employees who have acted outside the scope of their employment at the time of the alleged discrimination. *Johnson v. Hills & Dales Gen. Hosp.*, 40 F.3d 837, 839-40 (6th Cir. 1994). Although simply suing Officer Lewis and Officer Craft in their individual capacities is not enough, *see Jackson*, 194 F.3d at 753, the McGuires have set forth sufficient facts to plausibly show that Officer Lewis was engaged in personal, private pursuits, rather than in pursuits within the scope of his employment as a police officer. Specifically, the McGuires alleged that Officer Lewis did not identify himself as a police officer, was off-duty, was in plain clothes, and was driving his own vehicle. They also have alleged that Officer Lewis had to "call" the police, which construed in the McGuires' favor suggests Officer Lewis was acting as an

individual rather than in his scope of duties as a police officer at that time. Further, the McGuires have alleged that there were no signs or other indicators that would suggest Officer Lewis was enforcing any Village policy by pulling the McGuires over or by engaging in abusive behavior. Therefore, if Officer Lewis acted outside the scope of his employment as a private citizen, then the Court assumes he could have conspired with an officer or agent of the Village of New Boston who was acting within the scope of employment. In other words, there could have been two or more individuals acting in concert.

The McGuires also have alleged facts that are sufficient at this stage to identify the individuals alleged to have conspired, to plausibly suggest some joint action among the individuals, and to explain how the purported joint action led to the alleged deprivation of Jody McGuires' rights. In particular, they plausibly show a tacit agreement that manifested when Officer Lewis called the police, which triggered an arrival at the scene by Officer Craft who arrested Jody McGuire without asking any questions or otherwise investigating the incident. While those same facts, and other facts, could also be construed as showing independent actions taken by the Defendants without any joint agreement, the facts must be construed in the light most favorable to the plaintiffs at this stage. In doing so, the Court finds they plausibly suggest some joint action.

However, the dispositive deficiency in the McGuires' claim is the absence of facts from which it can reasonably be inferred that the actions were motivated by racial, or other class-based, invidiously discriminatory animus. *Griggin v. Breckenridge*, 403 U.S. 88, 102-03 (1971); *Peters v. Fair*, 427 F.3d 1035, 1038 (6th Cir. 2005). The Sixth Circuit has stated that "§ 1985(3) only covers conspiracies against 1) classes who receive heightened protection under the Equal Protection Clause; and 2) 'those individuals who join together as a class for the purpose of

asserting certain fundamental rights.'" *Bartell v. Lohiser*, 215 F.3d 550, 560 (6th Cir. 2000) (quoting *Browder v. Tipton*, 630 F.2d 1149, 1150 (6th Cir. 1980)). The McGuires' allegations as to being members of a class of "lay persons" or "non-citizens of the Village of New Boston" do not fall into the type of class subject to the protection by Section 1985(3) nor have they argued that they should. As explained earlier, neither is a class entitled to heightened protection under the Equal Protection Clause. *See Bartell*, 215 F.3d at 559 (dismissing section 1985(3) claim because the disabled were not a suspect or quasi-suspect class covered under the statute); *McGee v. Schoolcraft Cmty. College*, 167 F. App'x 429, 436 (6th Cir. 2006) (group of individuals receiving a degree as certified occupational therapy assistant are not type of class protected under section 1985(3)).[7] Further, the McGuires have not alleged Defendants harbored any class-based animus towards those attempting to assert any fundamental right. *Warner v. Greenbaum, Doll & McDonald*, 104 F. App'x 493, 499 (6th Cir. 2004) (dismissing Section 1985(3) claim under Rule 12(b)(6) where plaintiffs did not establish they fell in any of the classes protected by the statute). Accordingly, the McGuires do not state a plausible conspiracy claim against Officer Lewis under Section 1985(3), and that claim is therefore dismissed against Officer Lewis.

**C. Claim Five**

In Claim Five, the McGuires assert a claim for malicious prosecution under federal law. Officer Lewis moves to dismiss the claim, arguing that the allegations do not suggest he made or was consulted about the charges brought against Jody McGuire and did not otherwise cause Jody McGuire to be arrested. (Doc. 11, pp. 12-13).

---

[7] "The classes of persons protected by § 1985(3) are the discrete and insular minorities that receive heightened constitutional protection under the Fourteenth Amendment's Equal Protection Clause because of their inherently personal characteristics. The class-based, invidiously discriminatory animus required by § 1985(3) must be based on race, ethnic origin, sex, religion, or political loyalty." *Hale v. Randolph*, No. 1:02-cv-334, 2004 U.S. Dist. LEXIS 10173, at *21 (E.D. Tenn. Jan. 30, 2004) (citing multiple Sixth Circuit cases on point).

11

The McGuires respond that the Complaint sets forth sufficient allegations to survive dismissal.  They point to the telephone call made by Officer Lewis as the act that they allege was a "[w]rongful institution of the legal process."  (Doc. 12, p. 13).  They further state that "Lewis undisputedly participated or influenced the decision to prosecute Jody McGuire, there was no probable cause for the prosecution, and [Jody] McGuire was arrested and detained based upon Lewis' telephone call, and the criminal proceeding was resolved in plaintiff Jody McGuire's favor."  (Doc. 12, p. 13).  They argue that it is not Officer Lewis' participation, but rather the extent of his participation, that is at issue.  (Doc. 12, p. 13).  They also contend that an inference must be drawn that his statements to the police were not truthful.  (Doc. 12, pp. 13-14).

Officer Lewis replies that the McGuires' arguments are flawed.  (Doc. 15, p. 10).  He points to the McGuires' failure to cite to any caselaw in support of their contention that the telephone call made by Officer Lewis is sufficient to constitute a "wrongful institution of legal process" upon which a malicious prosecution claim may be based.  (Doc. 15, p. 10).  He further contends that the McGuires' argument as to Officer Lewis' participation is belied by their own allegations that show it was Officer Craft, not Officer Lewis, who conducted the acts about which they complain.  (Doc. 15, p. 10).  He then reiterates his arguments as to the fact that he cannot be liable when the information he submitted is truthful and he did not make the decision to bring the charges.  (Doc. 15, p. 11).

The Sixth Circuit "recognize[s] a separate constitutionally cognizable claim of malicious prosecution under the Fourth Amendment."  *Sykes v. Anderson*, 625 F.3d 294, 308 (6th Cir. 2010).  To sustain a claim for malicious prosecution, four essential elements must be alleged:  1) a prosecution was initiated against the plaintiff and the defendant participated in the decision; 2) there was a lack of probable cause for the criminal prosecution; 3) the plaintiff suffered a

deprivation of liberty as a consequence of the legal proceedings; and 4) the criminal proceeding was resolved in the plaintiff's favor. *Sykes*, 625 F.3d at 308-09.

Officer Lewis seeks dismissal based upon the first element. As the Sixth Circuit has recognized, "[t]here is very little case law in the circuit discussing precisely what role an investigating officer must play in initiating a prosecution such that liability for malicious prosecution is warranted" other than that he may be responsible if he 'ma[d]e, influence[d], or participate[d] in the decision to prosecute." *Sykes*, 625 F.3d at 311 (quoting *Fox v. DeSoto*, 489 F.3d 227, 237 (6th Cir. 2007)) (internal quotations omitted). The fact that the officer did not actually make the decision to prosecute thus does not automatically absolve him from liability. *Id.* However, a malicious prosecution claim cannot be maintained against an officer based upon the mere fact that an officer provided truthful information to the prosecutor. *Sykes*, 625 F.3d at 314 (citing *McKinley v. City of Mansfield*, 404 F.3d 418, 444 (6th Cir. 2005); *Skousen v. Brighton High Sch.*, 305 F.3d 520, 529 (6th Cir 2002); *Wysong v. City of Heath*, 377 F. App'x 466, 470 (6th Cir. 2010); *Kinkus v. Village of Yorkville,* 289 F. App'x 86, 91 (6th Cir. 2008)).[8] Nevertheless, "[w]hether an officer influenced or participated in the decision to prosecute hinges on the degree of the officer's involvement and the nature of the officer's actions." *Sykes*, 625 F.3d at 312 n. 9. "The totality of the circumstances informs this fact determination." *Id.*

Here, the full extent of Officer Lewis' actions and involvement in bringing charges against Jody McGuire is not clear from the Complaint. What is clear is that Officer Lewis was an individual involved in the underlying incident and who made the telephone call to the police that resulted in Jody McGuire's arrest. The McGuires also plainly allege that Officer Craft did not investigate or otherwise appraise the situation before arresting Jody McGuire. Construing

---

[8] Notably, each of the cases relies upon by the *Sykes* court was decided on a motion for summary judgment, and not on a motion to dismiss.

13

the facts in favor of the McGuires, it is thus reasonable to infer at this stage that information about the underlying incident was obtained prior to charging Jody McGuire and that at least some of that information was obtained from and provided by Officer Lewis. Although exactly what information Officer Lewis provided is not certain at this time nor is the extent of Officer Lewis' involvement thereafter in obtaining the charges against Jody McGuire, it is plausible that untruthful information was presented or that Officer Lewis otherwise influenced or participated in instituting the charges against Jody McGuire. As fact discovery is necessary to fully understand the nature of Officer Lewis' actions and involvement, dismissal of the malicious prosecution claim at this early stage would be premature.

Accordingly, the malicious prosecution claim in Claim Five remains pending against Officer Lewis.

**D. Claim Seven**

In Claim Seven, the McGuires assert a claim for malicious prosecution under Ohio law.[9] Officer Lewis moves to dismiss this claim on the same bases he moved to dismiss Claim Five. (Doc. 11; Doc. 15). In opposition, the McGuires raise the arguments they raised in regards to Claim Five. (Doc. 12).

In Ohio, the elements of malicious prosecution are: 1) malice in instituting or continuing the prosecution; 2) lack of probable cause; and 3) termination of the action in favor of the defendant. *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 316 (6th Cir. Ohio 2005) (citing *Trussell v. Gen. Motors Corp.*, 53 Ohio St. 3d 142, 559 N.E.2d 732, 734 (Ohio 1990)). The application of these elements is similar to the application of the elements of a federal malicious

---

[9] Count Seven also includes claims for misuse and abuse of process, which is a claim distinct from a claim for malicious prosecution. (Doc. 1, p. 13); *Taylor v. Streicher*, 465 F. App'x 414, 420-21 (6th Cir. 2012). Officer Lewis does not seek to have such claims against him dismissed.

prosecution claim.[10]  Under Ohio law, police officers will not be held liable for the initiation of criminal proceedings where they provide the prosecutor with "'a full and fair disclosure of all the material facts as revealed by [their] investigation, including [the accused's] exculpatory statements.'"  *Id.* (quoting *Robbins v. Fry,* 72 Ohio App. 3d 360, 594 N.E.2d 700, 701 (Ohio Ct. App. 1991)).  "Once they have done that, in spite of their investigative activities, the officers' status in the prosecution is "no more than that of witness or informant."  *Id.*  (citing *Robbins*, 72 Ohio App. 3d 360).  However, the police officer may be liable ""when the informer provides false information or the informer demonstrates a desire, direction, request or pressure for the initiation of criminal proceedings.'"  *Id.* (citing *Robbins*, 72 Ohio App. 3d at 362).

For the same reasons as set forth above with respect to Claim Five, the Court finds that dismissing Claim Seven at this stage of the litigation would be premature, as the content of and the extent of Officer Lewis' involvement in the initiation of charges against Jody McGuire remains to be discovered.

Accordingly, the malicious prosecution claim in Claim Seven remains pending against Officer Lewis.

## IV. CONCLUSION

Consistent with the foregoing, Officer Lewis' motions (Doc. 10; Doc. 11) are **GRANTED IN PART** and **DENIED IN PART**.  The Section 1983 equal protection claim in Claim One and the Section 1985(3) conspiracy claim in Claim Three against Officer Lewis are hereby **DISMISSED**.   All other claims asserted in the Complaint against Officer Lewis remain pending.

**IT IS SO ORDERED**.

---

[10] Officer Lewis concedes that the elements of the Ohio and federal malicious prosecution claim are similar. (Doc. 11, p. 13).

s/Michael R. Barrett  
Michael R. Barrett, Judge  
United States District Court